Martin, J.
delivered the opinion of the court.* The plaintiff states, that Rogers employed him, as an attorney, to procure the admission of him, and other claimants, as heirs to A. Phillips, deceased—and agreed to pay him for his services $1000—and the plaintiff laboured and exerted his utmost abilities for this purpose—and in the settlement of the estate, became responsible to the said Rogers for two notes, one of $2000, the other of $1988, and secured the payment by a mortgage ; that afterwards, Rogers voluntarily employed A. Porter, as assistant counsel ; that the plaintiff secured to Rogers from 18 to $20,000, as part of the deceased’s es *371 tate; that, in the mean time, he retired from the bar, and employed W. Murray to finish the business, and gave him two notes for $100 each; that afterwards he paid to Roger, by the agency of J. S. Johnson, $2280, by two notes, due him by R. Fenno, and $550, due by said Johnson—and Rogers gave credit on one of the notes of the plaintiff for $240, for part of the above fee of $1000, but omitted to credit it for the extent of the payment made by Johnson by $50; that Rogers then released the mortgage the plaintiff had given, and another was given to secure the payment of whatever balance should remain due by the plaintiff, on the two notes, without specifying any sum. As a manifest error had crept in the calculations made at the time Johnson made a payment to Rogers, the latter postponed the correction of it till the return of Johnson, who was then absent; but, in the mean while, Rogers died, and soon after his heirs sued the present plaintiff; and, without rectifying the manifest errors which have taken place, recovered judgment for the supposed balance of $830; but the court reserved the claim of the present plaintiff to the matters pleaded in his defence; that he accordingly instituted a suit for the *372 recovery of the said sum of $1000 ; that on a final settlement, a balance would clearly appear due to him. The petition concluded a prayer, that the heirs might be enjoined from proceeding on their said judgment, till the whole matter was settled and adjusted. The injunction was granted.
*371 West'n District.
Sept. 1822.
*372 The defendants pleaded the general issue, and prayed for a dissolution of the injunction.
Before the trial, the plaintiff, having obtained a judgment for $750 in the suit referred to in the petition, prayed the amount of it might be compensated, and the heirs perpetually enjoined from proceeding on their judgment, except for the balance.
A final decree was made, accordingly. The defendants appealed.
The statement of facts shows, that the plaintiff at the trial, introduced the records of the suits alluded to in the petition.
As we have just affirmed the judgment, in which the plaintiff recovered $750, which was thereby directed to be compensated with and deducted from the judgment which the heirs had before recovered against him for $830, we cannot see any reason to disturb the judgment now before us.
Johnston for the plaintiff, Scott for the defendant.
It is therefore ordered, adjudged and decreed, that it be affirmed with costs.

 Porter, J. did not join in the opinion, having been of counsel in the cause.